## L. D. BROWN and LEANDER HOLMES, Appellants,

*v.*

## WILLIAM C. HAZARD, Appellee.

The rules of this Court require an assignment of errors in legal actions.
There being no such assignment, the appeal should be dismissed.
Even when an equitable defense is made to an action at law, jurisdiction is
to be determined by presuming everything to be of common law cogni-
zance, until the necessity of making equity jurisdiction appears.
Therefore, a party who has failed to make an assignment of errors, pertain-
ing to his legal defenses, cannot have the matters growing out of such
equitable defense heard in this Court.

Appeal from Second Judicial District, holding terms at Van-
couver.

*Leander Holmes*, for Appellants.

*B. F. Dennison*, for Appellee.

Opinion by GREENE, Chief Justice.

Gazing at this motion to dismiss, we see but a single question necessary to its decision, namely : whether this cause is to be deemed one in equity or one at common law.

Our rules require an assignment of errors in a law, but none in an equity cause.  Dismissal of the appeal would be the natural sequence of holding this to be a cause at law ; for there is no assignment of errors here.

We gather from the record that the appellants, who were plaintiffs below, are seeking to open up a judgment rendered upon overruling a demurrer to the answer.   In answering, defendant, besides denials, had pleaded four affirmative defenses, to the three last of which plaintiffs interposed a lumping demurrer.

Legal and not equitable, all these defenses are conceded to have been ; unless the fourth, which was addressed to the Judge, and was apparently intended as a plea of equitable estoppel. Let the intent, as to the last, have been what it may, the matter pleaded did not, in our opinion, display facts sufficient to constitute a defense of any description.

Jurisdiction is to be determined by presuming everything to be of common law cognizance, until the necessity for invoking equity jurisdiction appears.

Unless we are to give an unreasonable force to the address of the fourth defense to the Judge, we are unable to see any necessity for him to act in the capacity of Chancellor in deciding the demurrer.

Decision of the demurrer was, we think, a decision at law.

Getting the cause here for review of that decision is a proceeding in the nature of a writ of error.

Errors, therefore, should have been assigned, conformably to Rule V.

Appeal dismissed.

We concur : S. C. WINGARD, Associate Justice.
                  GEO. TURNER, Associate Justice.